**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ST. AUGUSTINE'S NATIONAL
FOUNDATION, INC.,

    Plaintiff,

v.

Case No. 08-11352

HONORABLE DENISE PAGE HOOD

MARK ZAUSMER,
individually and in his official capacity as
Conservator of 28-Michigan Cemeteries,

and

ANDREW METCALF, JR., in his official
capacity as CEMETERY COMMISSIONER
For The State of Michigan,[1]

    Defendants.
_____/

# ORDER
## GRANTING DEFENDANT ZAUSMER'S MOTION TO DISMISS

**I.  INTRODUCTION**

This matter is before the Court on Defendant Zausmer's Motion to Dismiss [Dkt. #18, filed April 4, 2008]. Plaintiff filed a Response [Dkt. #23] on April 15, 2008. Defendant Zausmer filed a Reply [Dkt. #25] on April 16, 2008. Plaintiff filed a Second Response [Dkt. #28] on April 17, 2008.

---

[1] The record indicates that Defendant Andrew Metcalf, Jr. has not yet been served. The Court will dismiss this action with respect to Defendant Metcalf, without prejudice, if he is not served within the timeframe set forth in Federal Rule of Civil Procedure 4(m). Rule 4(m) "requires completion of service of process within 120 days after filing of the complaint." *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).

Also before the Court is Defendant Zausmer's Motion to Strike [Dkt. #27, filed April 17, 2008]. With this Motion, Defendant Zausmer seeks to strike Plaintiff's Second Amended Complaint, which was filed on April 17, 2008. In the Second Amended Complaint, Plaintiff seeks to add an Equal Protection claim (Count III). Plaintiff filed a Response on April 24, 2008, indicating that its Second Amended Complaint should be stricken. Plaintiff relies upon its Motion to Amend the Complaint [Dkt. #30, filed April 23, 2008] to introduce its Second Amended Complaint.

Also before the Court is Plaintiff's Ex Parte Emergency Motion to Stay Closing [Dkt. #32, filed April 24, 2008]. Defendant Zausmer filed a Response on April 24, 2008. Plaintiff filed a Reply on April 25, 2008.

## II.    BACKGROUND

On March 31, 2008, Plaintiff St. Augustine's National Foundation, Inc. filed the instant action against Andrew L. Metcalf, Jr.,[2] in his capacity as Cemetery Commissioner for the State of Michigan, and Mark Zausmer, individually and in his official capacity as Conservator of 28-Michigan Cemeteries. Plaintiff seeks to prevent Defendant Zausmer from closing the sale of twenty-eight historical cemeteries ("28-Michigan Cemeteries") to the Midwest Memorial Group ("MMG").

On December 18, 2006, Michael Cox, as the Attorney General for the State of Michigan, through the Michigan Cemetery Commissioner, filed a complaint in the Ingham County Circuit Court to oversee operations and the sale of 28-Michigan Cemeteries after it was discovered that over $61 million dollars of consumer trust funds had been misappropriated by the previous owner. (Compl. ¶ 7.) Defendant Zausmer was appointed to serve as the Conservator of the 28-Michigan

---

[2]At the April 11, 2008, the parties indicated that Andrew Metcalf, Jr. had not been served with a copy of the Complaint and Summons.

2

Cemeteries. (Compl. ¶ 8.)

The ground rules of the bidding process for the sale of the properties were set forth in the Memorandum of Sale provided by the American Cemetery/Mortuary Consultants, Inc., who was retained by Defendant Zausmer to establish the rules of the bidding process. (Compl. ¶ 10.) The Memorandum of Sale provides that prospective buyers should not base offers on nor consider receiving missing trust funds in excess of $60 million dollars in their bid offerings. (Compl. ¶ 11.)

Defendant Zausmer, with the assistance of Walter Aspatore of Amherst Capitol Partners, was hired to meet with the top bidders and rate the bids based on the prospective bidders' ability to finance the purchase of the 28-Michigan Cemeteries. (Compl. ¶ 12.) Plaintiff claims that Defendant Zausmer prohibited Plaintiff from considering litigation proceeds from trust recovery in its bid offerings. (Compl. ¶ 13.) Despite the prohibition of the use of process from trust recovery litigation stated in the Memorandum of Sale, Plaintiff claims that on September 25, 2007, Defendant Zausmer approved the purchase agreement of MMG to acquire the 28-Michigan Cemeteries, even though the agreement allowed MMG to factor in the use of proceeds from the trust recovery litigation in its package. (Compl. ¶ 14.)

Six months after Defendant Zausmer's approval of the purchase agreement submitted by MMG, Plaintiff filed the instant lawsuit. In the Second Amended Complaint, Plaintiff alleges against Defendant Zausmer: Abuse of Discretion[3] (Count I); a 42 U.S.C. § 1983 violation of the Due Process Clause of the Fourteenth Amendment (Count II); and a 42 U.S.C. § 1983 violation of the Equal Protection Clause of the Fourteenth Amendment (Count III).

---

[3] Plaintiff's Abuse of Discretion claim is synonymous with its 42 U.S.C. § 1983 claim. Accordingly, they are addressed in tandem.

## III. STANDARD OF REVIEW

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate where a plaintiff cannot establish any set of facts that would entitle him to the relief sought. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). In ruling on a Rule 12(b)(6) motion, a court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

## IV. ANALYSIS

Plaintiff argues that it was treated unfairly in the 28-Michigan Cemeteries bidding process. (Mot. For Prelim. Inj. at 5.) Plaintiff argues that "it was denied a protected property interest in its bid and that the state, through its agent, Mark Zausmer, abridged Plaintiff's due process rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution." (*Id.*) Plaintiff argues that Mark Zausmer abused his discretion in awarding the contract to MMG, because it was not provided the same bidding rules as MMG. (*Id.*) Plaintiff contends that is "is not a disappointed bidder; rather, [it] is a bidder who objects to the fraudulent and unfair manner of the bidding procedures." (*Id.* at 10.) Plaintiff relies on the same facts to support its Equal Protection claim. (Second Amended Complaint ¶¶ 44-49.)

Defendant Zausmer contends that Plaintiff's Due Process claim should be dismissed for failure to state a claim, and because Defendant Zausmer is entitled to judicial immunity. (Mot. Dismiss Br. at 1.) Defendant Zausmer maintains that Plaintiff, a disappointed bidder, has failed to

4

state a claim, because Plaintiff lacks standing to contest the award of a contract to the winning bidder. (*Id.* at 17.) Defendant Zausmer further maintains that Plaintiff has failed to establish a protected property interest under 28 U.S.C. § 1983. (*Id.* at 18.) With respect to judicial immunity, Defendant Zausmer maintains that conservators are entitled to judicial immunity for actions taken within the scope of their authority. (*Id.* at 16.)

Defendant Zausmer contends that Plaintiff's Equal Protection claim can also be dismissed for failure to state a claim, and because Defendant Zausmer is entitled to judicial immunity. (Mot. To Strike at 1-2.) Defendant Zausmer asserts that Plaintiff fails to state an Equal Protection claim, because, inter alia, Plaintiff has not alleged that Defendant Zausmer has burdened a fundamental right, and because Plaintiff cannot prove that Defendant Zausmer's actions lacked any rational basis. (Mot. To Strike Br. at 5-6.) Defendant Zausmer also asserts that Plaintiff was treated the same as all of the other losing bidders. (*Id.*)

For the reasons set forth below, Defendant Zausmer's Motion to Dismiss is granted. The Court resolves this case on the issue of standing and alternatively on the merits of Plaintiff's Due Process and Equal Protection Clause claims. Consequently, the Court does not reach the issue of whether or not Defendant Zausmer is entitled to judicial immunity.

  A. <u>Standing</u>

The issue of standing is not to be conflated with the merits of Plaintiff's due process claim and is therefore discussed at the outset. *Club Italia Soccer & Sports Org., Inc. v. Charter Tp. Of Shelby, Mich.*, 470 F.3d 286, 292 (6th Cir. 2006). "Constitutional standing requires a plaintiff to

5

allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* at 291 (internal quotations removed). As noted by the Sixth Circuit "unless a party brings a suit under the [Administrative Procedure Act] APA or similar legislation which evinces a congressional intent to create a grounds for standing for a disappointed bidder, this Court will not confer standing upon disappointed bidders." *Id.* at 294.

In *Perkins v. Lukens Steel Company*, 310 U.S. 113 (1940), a disappointed bidder on a federal contract sought to sue the federal government for violation of bidding rules set forth in the Public Contracts Act. The Court noted that "to have standing in court, [a disappointed bidder] must show an injury or threat to a particular right of their own, as distinguished from the public's interest in the administration of the law." *Id.* at 125. In ruling against the plaintiff, a disappointed bidder, the Court held that the plaintiff "ha[d] no standing in court to . . . represent the public's interest in the Secretary's compliance with the Act." *Id.* at 129.

The impact of *Lukens Steel* began to languish after the passage of the Administrative Procedure Act ("APA"). *Club Italia*, 470 F.3d at 293. Since the passage of the APA, some courts have conferred standing upon disappointed bidders. *Id.* The Sixth Circuit continues to follow the disappointed bidder rule enunciated in *Lukens Steel*, unless "there is proof of congressional intent to confer standing upon a disappointed bidder." *Id.*; *cf. Owen v. Shelby County*, 648 F.2d 1084, 1088, 1090 (6th Cir. 1981) (applying Tennessee law; noting that "it has long been the law in Tennessee that private citizens, as such, can maintain an action complaining of the wrongful acts of public officials if they aver a special interest or a special injury not shared by the public").

6

In Michigan, it has long been held that a disappointed bidder has no standing to challenge the result of a bidding process or the bidding process itself. *City of Detroit v. Wayne Circuit Judge*, 128 Mich. 438, 439 (1901); *Talbot Paving Co. v. City of Detroit*, 109 Mich. 657, 660-61 (1896). Any duty owed under the procedures is to the public, not those individuals involved in the bidding process. *Id.* at 661-62; *see also City Communications, Inc. v. City of Detroit*, 650 F. Supp. 1570, 1581 (E.D. Mich. 1987); *Malan v. Construction Corp. v. Board of County Road Commr's*, 187 F. Supp. 937, 939 (E.D. Mich. 1960);

Plaintiff does not have standing in this case. It is "the general rule that disappointed bidders do not have standing." *Club Italia*, 470 F.3d at 293. This rule was set forth in *Lukens Steel*. *See id.* Here, it is undisputed that Plaintiff is a disappointed bidder, because Plaintiff admits that it submitted multiple bids. *Club Italia*, 470 F.3d at 294. Further, Plaintiff cannot demonstrate that it is entitled to "an *exception* to the general rule in *Lukens Steel*" that would grant it standing, as required under Sixth Circuit precedent. *Id.* at 294. For instance, Plaintiff has not alleged that it has standing under the APA, or some other statute or case law "which evinces a congressional intent to create a grounds for standing." *Id.* Instead, Plaintiff simply argues in its papers that it is not a disappointed bidder. (Mot. For Prelim. Inj. at 10.) Under Sixth Circuit precedent, this is simply not the case. *Club Italia*, 470 F.3d at 294. As noted previously, having submitted a bid, Plaintiff is a disappointed bidder. *Id.* Accordingly, Plaintiff does not have standing to raise its Due Process and Equal Protection Clause claims. Nevertheless, Plaintiff's claims lack merit as discussed below.

B. <u>Due Process Claim</u>

Plaintiff's section 1983 Due Process claim rests upon the assumption that "it was denied a

protected property interest in its bid[.]"  (Mot. For Prelim. Inj. at 5.)  Within the Sixth Circuit,

> a constitutionally protected property interest in a publicly bid contract can be demonstrated in two ways. A bidder can either show that it actually was awarded the contract and then deprived of it, or that, under state law, the County had limited discretion, which it abused, in awarding the contract.

*Club Italia*, 470 F.3d at 297 (citing *Enertech Elec. v. Mahoning County Comm'rs,* 85 F.3d 257, 260 (6th Cir. 1996); *see also Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007). A "mere unilateral expectation" of being awarded a contract does not establish a constitutionally protected property interest. *TriHealth, Inc. v. Board of Com'rs, Hamilton County, Ohio*, 430 F.3d 783, 792 (6th Cir. 2005).

A bidder does not have a property interest in the procedure by which the bidding is conducted.  *Id.* at 793.  Therefore, even if a defendant violates a rule or procedure of the bidding process, this violation does not give rise to a protected property interest.  *Id.*  As noted by the Sixth Circuit in *Experimental Holdings*:

> [I]f state law *procedural* protections were sufficient to create federally protected property interests, then every state law procedural violation would be a potential federal case. . . . [T]he mere words "abuse of discretion" are not sufficient to turn a state procedural violation into a federal due process case.  Otherwise, most state review-of-administrative-action cases would be potential federal cases.

503 F.3d at 520.

Plaintiff has failed to show a protected property interest in its bid, by showing either that a bidder was awarded the contact and then deprived of the contract, or, that, under state law, the state had limited discretion, which it abused, in awarding the contract.  *Enertech,* 85 F.3d 257 at 260.

8

First, Plaintiff does not contend that it was actually awarded the purchase agreement to acquire the 28-Michigan Cemeteries and then deprived of it.

Second, Plaintiff's contention that Defendant Zausmer, the Conservator, abused his limited discretion lacks merit. Even if Plaintiff thought that it was prohibited from taking into account the missing trust funds in the submission of its initial bid, Plaintiff was nevertheless given a second opportunity to acquire the 28-Michigan Cemeteries during the overbid process. (*Id.*)

Plaintiff's contention that Defendant Zausmer abused his discretion in awarding the contract by violating the bidding rules does not create a protected property interest for Plaintiff. Assuming that Defendant Zausmer violated the bidding rules by awarding the bid to MMG, as Plaintiff vehemently alleges, this violation by Defendant Zausmer does not give rise to a protected property interest for Plaintiff. *See Experimental Holdings*, 503 F.3d at 520 (noting that "state *procedural* requirements cannot be the type of "limits on discretion" that are sufficient to find a property interest").

Even if Plaintiff had a protected property interest in its bid, its claim against Defendant Zausmer would fail. To prevail on a procedural due process claim, a plaintiff must show that it was deprived of a protected interest and that the state remedy for the redress of the alleged deprivation was inadequate. *TriHealth*, 430 F.3d at 794. "Access to ordinary judicial process in state court is adequate due process." *Id.* (citing *Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 197 (2001)).

Here, Plaintiff has failed to allege or show that the available state remedies were inadequate. In fact, the record demonstrates otherwise. For instance, Plaintiff's objection to the MMG Letter

9

of Intent was heard and considered by the Circuit Court. (Mot. To Dismiss Br. at 7-10.) The Circuit Court held hearings on Plaintiff's objection, as well as objections from other bidders, on September 28, October 3, and October 5, 2007. (*Id.* at 7-8.) Nevertheless, the Circuit Court concluded that the MMG bid was in the best interest of the public. (*Id.* at 8.)

Plaintiff's overbid was also reviewed and considered by the Circuit Court during an October 17, 2007 hearing. (*Id.* at 7.) Nevertheless, the Circuit Court concluded that the MMG bid was in the best interest of the public. (*Id.* at 10.) Plaintiff's objection to the selection of MMG as the winning bidder was also reviewed and considered by the Circuit Court during a February 7, 2008 hearing. (*Id.* at 11.) Again, the Circuit Court concluded that the MMG bid was in the best interest of the public. (*Id.* at 11.) This conclusion was ultimately affirmed by the Michigan Supreme Court. (*Id.* at 12.) Construing the facts alleged in the Complaint in a light most favorable to Plaintiff, Plaintiff's section 1983 Due Process claim against Defendant Zausmer must fail.

C.   Equal Protection Claim[4]

---

[4]After the Answer was filed, Plaintiff filed the Second Amended Complaint, on April 3, 2008. The Second Amended Complaint adds the Equal Protection claim. Plaintiff filed a Motion to Amend the Complaint on April 23, 2008. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." A district court has discretion in ruling on a motion to amend the complaint. *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008). Futility is an appropriate ground on which to deny a motion to amend. *Jet, Inc. v. Sewage Aeration Systems*, 165 F.3d 419, 525 (6th Cir. 1999) (citations omitted). Based upon the analysis of the Equal Protection claim, the Court concludes that the

Plaintiff's section 1983 Equal Protection claim rests upon the same allegations listed in the Complaint that it was treated unfairly in the bidding process. "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth*, 430 F.3d at 788.

Here, Plaintiff does not assert that Defendant Zausmer burdened a fundamental right or that Plaintiff is a member of a suspect class. (*See* Second Amended Complaint ¶¶ 44-49.) Instead, Plaintiff asserts that it "was treated unfairly by not being allowed to factor in trust recovery in its bid." (*Id.* ¶ 47.) To prevail on this so called "class of one" theory, Plaintiff must demonstrate that the differential treatment it alleges "is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the County's actions were irrational." *TriHealth*, 430 F.3d at 788. A demonstration of differential treatment must allege that a plaintiff was singled out for adverse treatment – not that a successful bidder was singled out for beneficial treatment. *Id.* Further, a governmental entity's selection of a winning bidder "is presumptively valid and may be based on rational speculation unsupported by evidence or empirical data." *Id.* at 790 (internal quotations and citations omitted).

As Defendant Zausmer argues, Plaintiff's Equal Protection claim must fail. First, Plaintiff has not alleged that it was singled out for adverse treatment as is required to assert a Equal

---

addition of the Equal Protection claim would be futile. Accordingly, Plaintiff's Motion to Amend the Complaint [Dkt. #30] is denied.

Protection claim; rather, Plaintiff has alleged facts that the successful bidder in this case, MMG, was singled out for beneficial treatment. Plaintiff has failed to assert an Equal Protection claim with its allegations that MMG was singled out for preferential treatment. *Id.* at 788.

Even if Plaintiff had alleged that it was singled out for adverse treatment, the record demonstrates that Defendant Zausmer's selection of MMG as the winning bidder was "based on rational speculation." *Id.* at 790. Defendant Zausmer, as well as the Ingham County Circuit Court, found that: the MMG bid was in the best interest of the 28-Michigan Cemeteries; the MMG bid was superior because it provided for the payment of cash at closing; Plaintiff lacked cemetery experience; and Plaintiff never had credible non-contingent financing in place. (Mot. To Strike at 7.) A governmental entity's selection of a winning bidder "must be sustained if *any* conceivable basis rationally supports it." *TriHealth*, 430 F.3d at 790. Construing the facts alleged in the Second Amended Complaint in a light most favorable to Plaintiff, Plaintiff has failed to show that Defendant Zausmer's selection of MMG as the winning bidder lacks a rational basis. Accordingly, Plaintiff's section 1983 Equal Protection claim against Defendant Zausmer must fail.

## V. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss [Dkt. #18, filed April 4, 2008] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Expedite [Dkt. #17, filed April 4, 2008] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Excess Pages [Dkt. #16, filed April 4, 2008] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike [Dkt. #27, filed April 17,

2008] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend the Complaint [Dkt. #30, filed April 23, 2008] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Ex Parte Emergency Motion to Stay Closing [Dkt. #32, filed April 24, 2008] is DISMISSED AS MOOT.

IT IS FURTHER ORDERED that Defendant Zausmer is DISMISSED with prejudice.

                                                S/Denise Page Hood
                                                Denise Page Hood
                                                United States District Judge

Dated: June 20, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 20, 2008, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager